# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| JUDITH DREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION No. 5:17-CV-149 (MTT) |
| | ) | |
| | ) | |
| MAMARONECK CAPITAL, LLC and | ) | |
| MCCULLOUGH PAYNE HAAN & | ) | |
| NADLER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

Defendants Mamaroneck Capital, LLC and McCullough Payne Haan & Nadler, LLC move to dismiss Plaintiff Judith Drew's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Doc. 18. For the following reasons, the Defendants' motion is **GRANTED in part and DENIED in part**.

---

[1] The Defendants, in a somewhat perfunctory manner, also claim that service of process was insufficient under Federal Rule of Civil Procedure 4(h)(1)(B) because Drew did not serve a copy of the summons and complaint on McCullough Payne's registered agent. Doc. 18-1 at 3-4. Rule 4(h)(1)(B) provides in pertinent part that an unincorporated association subject to a lawsuit must be served by

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires-—by also mailing a copy of each to the defendant.

As Drew points out, McCullough Payne's registered agent was not available, and the process server served Greg Haan, a *named member and authorized user of McCullough Payne* who filed McCullough Payne's most recent annual registration with Georgia's Secretary of State. Doc. 21 at 3. Thus, Drew complied with Rule 4(h)(1)(B). In their reply brief, the Defendants do not dispute these facts nor do they provide further reason as to why service was insufficient. Accordingly, the Defendants' motion to dismiss for improper service of process is **DENIED.**

## I. THE ALLEGATIONS

Drew alleges the following facts, which the Court must accept as true. On June 20, 2008, Drew received a letter from the law firm of Frederick J. Hanna & Associates, P.C., which informed Drew that the firm represented Georgia Receivables, Inc., an assignee of a bank to which Drew allegedly owed money. Docs. 14 at ¶¶ 31-32; 14-1. Drew claims this was the first contact she had regarding the account. *Id.* at ¶ 33. On July 15, 2008, Drew responded to the letter, disputing the validity of the debt and asking Hanna & Associates to provide her more information to validate the debt. Docs. 14 at ¶ 34; 14-3. On July 22, 2008, Hanna & Associates sent a response letter to inform Drew that its "client has verified that the balance of $41,925.13 to be true, correct, and still owing at this time." Docs. 14 at ¶ 36; 14-3. On July 31, 2008, Drew responded to Hanna & Associates' letter by noting that the firm ignored her previous request to provide additional information as to the validity of the debt. Docs. 14 at ¶ 38; 14-4. To this point, all correspondence to Drew had been mailed to P.O. Box 396, Rochelle, GA 31079 ("the Rochelle address").

No further action was taken by Hanna & Associates until September 29, 2008, when Hanna & Associates filed a complaint against Drew in the Superior Court of Wilcox County to collect the alleged debt. Docs. 14 at ¶ 40-41; 14-4. Notably, Hanna & Associates stated in the complaint that Drew could be served at her residential address, "3528 American Legion Road, Abbeville, Georgia" ("the Abbeville address"). Doc. 14-5 at 2.

On November 12, 2008, Drew filed her answer to the complaint, denying all liability and providing the Rochelle address for service of future pleadings. Docs. 14 at

¶ 44; 14-6 at 1.  Hanna & Associates never replied to the answer but on February 23, 2009, the firm sent by certified mail and regular mail to the Abbeville address the following documents: Request for Production of Documents, First Interrogatories to Defendant, and First Request for Admissions of Fact.  Doc. 14-7 at 2; *see generally* Doc. 14-7.  Drew claims she never received any of these documents.  Doc. 14 at ¶ 48.  On March 17, 2009, a certified mailing envelope was returned to Hanna & Associates as unclaimed, while the first class mail was not.  Doc. 14-7 at 2.  On April 27, 2009, Hanna & Associates moved for summary judgment, arguing Drew had not responded to its discovery requests.  *Id.*  On June 2, 2009, the court granted the motion and entered a judgment against Drew in the total amount of $30,646.20.  Doc. 14-8.  On June 12, 2009, the clerk issued a Writ of Fieri Facias for the amount of $30,651.20 from Drew.  Doc. 14-12 at 2.   Drew alleges Hanna & Associates falsely induced the Wilcox County Superior Court to render a judgment against her based on an unserved motion for summary judgment and unserved discovery documents.  Doc. 14 at ¶ 50.  She also alleges she never received a copy of the judgment.  *Id.* at ¶ 52.

Hanna & Associates was subsequently sued by the Consumer Financial Protection Bureau (CFPB) for allegedly relying on deceptive court filings and faulty evidence to churn out lawsuits in violation of the Fair Debt Collection Practices Act (FDCPA).  *Id.* at ¶¶ 53-54.  After the CFPB obtained a stipulated final judgment and order against Hanna & Associates, the firm ceased to exist.  *Id.* at ¶ 57.

Drew alleges Defendants Mamaroneck and McCullough Payne are continuing Hanna & Associates' abusive tactics by, among other things, contacting Drew at an address that the Defendants know or should know would be inconvenient.  *Id.* at ¶¶ 58-

69. On October 4, 2016, McCullough Payne, on behalf of Mamaroneck, sent a letter to inform Drew that Mamaroneck was an assignee of Georgia Receivables' debt in the amount of $43,849.23. Docs. 14 at ¶ 58; 14-10. Notably, this letter was sent to a third address: 3850 U.S. Highway 280, Pitts, Georgia 31072. *Id.* On November 1, 2016, Drew responded to the letter and requested McCullough Payne to verify and validate the debt. Docs. 14 at ¶ 60; 14-11. Drew also handwrote beneath her signature to "[p]lease mail to P.O. Box 396, Rochelle, GA 31079." *Id.* On November 7, 2016, McCullough Payne responded with a letter that attached a copy of the fi. fa., which shows a judgment of $30,651.20 entered against Drew. Docs. 14 at ¶ 62; 14-12. Drew alleges that despite being informed of Drew's preferred address, McCullough Payne still sent the letter to the address in Pitts. Docs. 14 at ¶¶ 64-65; 14-12 at 1.

Consequently, on April 18, 2017, Drew filed this action against the Defendants. Doc. 1. In response to the Defendants' motion to dismiss (Doc. 7), Drew filed an amended complaint on June 2, 2017. Doc. 14. Drew alleges the Defendants continued the abusive debt collection practices of Hanna & Associates with regard to the alleged account in an effort to harass Drew and otherwise treat her in an unfair manner. *Id.* at ¶ 66. Based on the Defendants' conduct, Drew claims, in Count I, the Defendants violated multiple provisions of the FDCPA. *Id.* at ¶¶ 81-93. Additionally, in Count II, Drew alleges the Defendants are liable for negligence. *Id.* at ¶¶ 94-98.

## II. DISCUSSION

### A. Motion to Dismiss Standard

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ.

P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993) (citations omitted).

**B.    Fair Debt Collection Practices Act Claim**

To state a claim pursuant to the FDCPA, a plaintiff must show that a debt collector attempted to collect a consumer debt through an act or omission prohibited by the FDCPA. *See Davidson v. Capital One Bank, N.A.*, 797 F.3d 1309, 1313 (11th Cir. 2015). "The [FDCPA] provides a civil cause of action against any debt collector who

fails to comply with the requirements of the Act." *Edwards v. Niagara Credit Sol. Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009) (citation omitted).

In Count I, Drew claims the Defendants violated various provisions of the FDCPA, including 15 U.S.C. §§ 1692c(a)(1), 1692g(b), 1692e, and 1692f. Doc. 14 at ¶¶ 81-93. These alleged violations can be factually arranged into their respective subsections of 15 U.S.C. § 1692.

### 1. Section 1692c(a)(1)

Drew alleges the Defendants violated 15 U.S.C. § 1692c(a)(1) by contacting her at a place known to be inconvenient. Doc. 14 at ¶ 85. Under § 1692c(a)(1), "a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer."

Here, Drew has pleaded sufficient facts to state a plausible allegation that the Defendants had both actual and implied knowledge that sending letters anywhere other than to the Rochelle address was inconvenient. First, Drew expressly requested the Defendants to send future communication to the Rochelle address, but the Defendants ignored her request and still sent their response letter to an address in Pitts, Georgia. Doc. 14 at ¶¶ 64-65. Clearly, the Defendants had actual knowledge of her preferred address. The Defendants argue, however, that Drew never explained in the complaint what the inconvenience was and that thus, Drew has failed to plead any facts that would allow this Court to draw a reasonable inference of liability under 15 U.S.C. § 1692c(a)(1). Doc. 23 at 4. Further, the Defendants argue that Drew's "constant repetition of the alleged misconduct of Frank Hanna and his law firm" is irrelevant and

that the sheer lack of factual allegations would require this Court to impermissibly speculate as to why or how Drew was inconvenienced. *Id.*; *id.* at 4 n.1. The Court disagrees. The alleged history of the efforts to collect the debt, including the efforts of the Defendants' predecessor, Hanna & Associates, suggest the consequences of the failure to use the Rochelle address. Thus, the Court finds that Drew has alleged sufficient facts to show a plausible claim under § 1692c(1)(a).

### 2. Section 1692g(b)

Drew alleges the Defendants violated 15 U.S.C. § 1692g(b) by failing to provide sufficient proof that Georgia Receivables assigned the Defendants the right to collect the alleged debt. Docs. 14 at ¶ 86; 21 at 9. Section 1692g(b) provides in pertinent part the following:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

Here, Drew claims that the Defendants did nothing more than inform her that Georgia Receivables had a judgment against her without providing any proof of assignment. Doc. 21 at 9. However, the Defendants correctly note that § 1692g(b) does not require a debt collector to "produce assignments of the debt, or any document demonstrating that the debt collector has the right or ability to collect the debt." Doc. 18-1 at 6. Indeed, what the statute requires the debt collector to show, among other options, is a "copy of a judgment," and the Defendants have met this statutory

- 7 -

requirement by attaching the fi. fa. with their response letter.  Docs. 14-12 at 2; 18-1 at 6.  Because the facts demonstrate that the Defendants complied with all of the requirements, Drew fails to show a plausible claim under 15 U.S.C. § 1692g(b).

### 3. Section 1692e

Drew alleges the Defendants violated § 1692e by misleading her into believing that the Defendants only needed to show a copy of the judgment in order to collect an alleged debt from her.  Doc. 14 at ¶ 87.  15 U.S.C. § 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  The Defendants argue that Drew has failed to show how any of the communications between her and the Defendants constitute a false statement or misrepresentation.  Doc. 18-1 at 7.  However, the complaint and supporting documents suggest that the judgment was wrongfully obtained by Hanna & Associates, the previous debt collector.  Without receiving further explanation as to the validity of the alleged debt from either Hanna & Associates or the Defendants, Drew was left to believe, as a result of the Defendants' communication with her, that she had no choice but to pay the alleged debt.  The Defendants also did not provide any proof that the right to collect the alleged debt was assigned to them by Georgia Receivables, Inc., which further calls into question whether they even have a right in the first place.  Finally, the balance of $43,849.23, which the Defendants seek in their letter dated October 4, 2016, contradicts the amount ($30,651.20) shown on the fi. fa.  *Compare* Doc. 14-10, *with* Doc. 14-12 at 2.  This could well be the result of accrued interest, but, under the circumstances, the unexplained discrepancy is significant.  Thus, the Court finds Drew has pleaded sufficient facts to show a plausible claim under § 1692e.

### 4. Section 1692f

Drew alleges the Defendants have violated § 1692f by engaging in unfair and unconscionable means to further their attempt in collecting an alleged debt. Doc. 14 at ¶ 88. 15 U.S.C. § 1692f states in pertinent part that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The Defendants argue that Drew has failed to allege how the Defendants' actions were unfair and unconscionable other than merely asserting that the actions are such. Doc. 18-1 at 8. However, Drew's allegations are not barren recitals of the statutory elements. Based on the pleaded facts, a reasonable inference could be drawn that the Defendants have continued, or seek to exploit, the unfair practices of their predecessor, Hanna & Associates. Thus, the Court finds that Drew's Amended Complaint provides enough material facts to raise a reasonable inference, and thus a plausible claim under § 1692f.

### C. Negligence Claim

Drew alleges in Count II that the Defendants are liable for negligence. Doc. 14 at ¶¶ 94-98. Specifically, she argues, without citation to any relevant authority, that both the FDCPA and Georgia law place a duty on debt collectors to treat consumers fairly and in a non-abusive manner and that the Defendants have breached this duty, causing her damages. *Id.* However, this allegation clearly fails to state a plausible claim. First, Drew fails to show how the FDCPA creates an independent cause of action under Georgia law. Additionally, Drew fails to show any legally recognizable duty between her and the Defendants. Thus, the negligence claim is dismissed.

## III. CONCLUSION

For the foregoing reasons, the Defendants' motion as to the alleged violations of §§ 1692c(a)(1), 1692e, 1692f is **DENIED**. The Defendants' motion as to the alleged violation of § 1692g(b) as well as the negligence claim is **GRANTED**, and the negligence claim is **dismissed without prejudice**.

**SO ORDERED**, this 12th day of September, 2017.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT